UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM DAVISON,

           Plaintiff,

    v.

MICHAEL J. ASTRUE,

           Defendant.

CASE NO. C05-858JLR

ORDER

      This matter comes before the court on a motion for attorney's fees (Dkt. # 20). On remand from this court, counsel for the Plaintiff, Robert Friedman, was able to obtain $103,585.50[1] in past-due Social Security disability benefits for Plaintiff William Davison and his dependents. Mr. Friedman seeks attorney's fees in the amount of $25,896.50 under 42 U.S.C. § 406(b) for his work before this court. The court finds that there is a cumulative cap of twenty-five percent of past-due benefits on attorney fee awards under §§ 406(a) and (b). The court GRANTS Mr. Davison's motion for attorney's fees and awards $20,596.38 in attorney's fees to Mr. Friedman. The court ORDERS Mr.

---

[1] Mr. Davison initially claimed that $103,678 in past-due benefits had been awarded. In response to an order to show cause issued by this court, counsel for Mr. Davison stated that that figure was estimated because full documentation from the Social Security Administration was not available to calculate the total past-due benefit award. In response, counsel for Defendant contacted the Social Security Administration's Regional Center for Programs Support which stated that $103,585.50 had been awarded as past-due benefits to Mr. Davison and his dependents. The court adjusted all amounts claimed by Mr. Davison to reflect the actual figure of past-due benefits awarded by the Social Security Administration.

ORDER-1

Friedman to refund to his client the Equal Access to Justice Act ("EAJA") fees awarded by this court of $5,401.88.

## I. BACKGROUND

After a Social Security Administration administrative law judge ("ALJ") denied Mr. Davison's claim for disability benefits Mr. Friedman, who represented Mr. Davison before the ALJ, commenced this action. On review, this court reversed the decision of the ALJ and remanded the case for further administrative proceedings (Dkt. # 14).

On remand, the ALJ found that Mr. Davison was disabled effective November 1, 1999, his alleged onset date. Mot. at 3. Under 42 U.S.C. § 406(a) "[f]or his work representing Mr. Davison at two hearings before an ALJ and before the Appeals Council, Mr. Friedman will receive a fee of $5,300." Mot. at 4.

On May 3, 2007, Mr. Davison moved this court for attorney's fees and costs under EAJA, 28 U.S.C. § 2412(d). On May 24, 2006, this court granted Mr. Davison's request for $5,401.88 in attorney's fees pursuant to EAJA (Dkt. # 19).

Mr. Davison and his attorney, Mr. Friedman, entered into an attorney fee contract for representation before this court. Mot at Ex. 1. The agreement provided for a contingent fee equal to twenty-five percent of the amount Mr. Davison and his dependents received in past-due benefits. *Id.* Mr. Friedman now seeks an attorney's fee of twenty-five percent of the past-due benefits awarded to Mr. Davison and his dependents.

## II. ANALYSIS

### A.  Statutory background

Attorneys who represent claimants in administrative proceedings before the Commissioner may obtain attorney fees for such representation in two ways under 42 U.S.C. § 406(a)(1) and (2). As explained in *Gisbrecht v. Barnhart*:

ORDER-2

> For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or a fee agreement. In response to a petition, the agency may allow fees "for services performed in connection with any claim before" it; if a determination favorable to the benefits claimant has been made, however, the Commissioner of Social Security "*shall . . . fix . . . a reasonable fee*" for an attorney's services. In setting fees under this method, the agency takes into account, in addition to any benefits award, several other factors. Fees may be authorized, on petition, even if the benefits claimant was unsuccessful.
>
> As an alternative to fee petitions, the Social Security Act, as amended in 1990, accommodates contingent-fee agreements filed with the agency in advance of a ruling on the claim for benefits. If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement, subject to this limitation: Fees may not exceed the lesser of 25 percent of past-due benefits or $4,000 (increased to $5,300 effective February 2002).

535 U.S. 789, 794-95 (2002) (internal citations omitted).

For proceedings in court a lawyer may recover fees under 42 U.S.C. § 406(b) which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

"The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 795-96.

> In many cases, as in this one, EAJA effectively increases the portion of past-due benefits the successful Social Security claimant may pocket. Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's

ORDER-3

position in the litigation was not "substantially justified." EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A).

Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* at 796 (internal citations omitted).

### B. There is a twenty-five percent cumulative cap on fee awards under §§ 406(a) and 406(b)

The Ninth Circuit has not spoken on this issue.[2] In his brief, the Commissioner, acting as a trustee for the claimant, argues that "[b]ecause §§ 406(a) and 406(b) fees combined should not exceed 25% of Plaintiff's past-due benefits and because any amounts awarded under EAJA should reduce the amount of fees Plaintiff has to pay from his past-due benefits, this Court should enter an Order awarding Plaintiff's Counsel [$20,596.38] in § 406(b) fees and then require Plaintiff's Counsel to refund to Plaintiff the $5,401.88 in EAJA fees previously awarded." Resp. at 2. Mr. Friedman argues that there is no cumulative cap and that he should be awarded twenty-five percent of the back benefits for his work before this court, $25,896.38, under § 406(b). Reply at 3.

In support of its argument that this court should find that a cumulative cap of twenty-five percent applies to awards under §406(a) and §406(b), the Commissioner cites several cases including: *Morris v. Social Sec. Admin.*, 689 F.2d 495, 497 (4th Cir. 1982) ("While the district court may not consider services rendered in administrative

---

[2] The Commissioner notes that this issue has been briefed before the Ninth Circuit Court of Appeals in *Clark v. Astrue*, No. 07-35056. It is not clear when a decision might be rendered in that case.

ORDER-4

proceedings in its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406 convinces us that the court must take into account any fees fixed by the Secretary pursuant to subsection (a)."); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) ("We are fully convinced that 42 U.S.C.A. 406 precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant."); *Harris v. Sec'y of Health & Human Servs.*, 836 F.2d 496, 498 n.1 (10th Cir. 1987) ("We note that federal appellate courts which have addressed the issue agree that the collective fees awarded for services at both administrative and judicial levels cannot exceed 25% of the total of the past-due benefits to which the claimant is entitled."), *abrogated on other grounds by Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001); *Guido v. Schweiker*, 775 F.2d 107, 108 (3d Cir. 1985) ("The total amount awarded by both the court and the Secretary may not exceed 25 percent of the claimant's recovery of past due benefits."); and *Davis v. Bowen*, 894 F.2d 271, 273 n.3 (8th Cir. 1989) ("We note that those circuits which have addressed the issue agree that the aggregate of fees awarded at the judicial and administrative levels may not exceed twenty-five percent of past due benefits.").

Mr. Davison claims that the Commissioner's arguments contradict longstanding agency policy that there is no cumulative cap on §§ 406(a) and (b) fees of twenty-five percent of past-due benefits. Reply at 2. In support of his argument, Mr. Davison cites a statement on the Social Security Administration's website that explains:

> Sections 206(b) and 1631(d)(2) of the Social Security Act (the Act) authorize a Federal court that makes a favorable title II and/or title XVI judgment to award an attorney a reasonable fee for services in proceedings before the court. The attorney must obtain judicial authorization of a fee for services provided before a court, from the court that ultimately made the favorable judgment.
>
> The attorney's fee may not exceed 25 percent of the claimant's title II and/or title XVI past-due benefits. This fee is in addition to the fee, if any, the Social

ORDER-5

Security Administration (SSA) authorizes for proceedings at the administrative level.

(http://www.ssa.gov/representation/rep_fees_before_a_court.htm (last visited November 20, 2007)). This statement, which is ambiguous at best, does not provide support for the proposition that the Social Security Administration has taken the position that combined fees under §§ 406(a) and (b) can exceed twenty-five percent. Even if the statement was read to authorize combined fees under §§ 406(a) and (b) exceeding twenty-five percent, the court sees no reason in this case why it would give deference to the agency's statement on its website.

Mr. Davison also cites to the Sixth Circuit's decision in *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261 (6th Cir. 1994) which overruled its earlier decision in *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir. 1972) for the proposition that fees under §§ 406(a) and (b) are not limited by a twenty-five percent cap. The Commissioner distinguishes the case by arguing that *Horenstein* stands for the proposition that a court may award fees only for the work done before it under § 406(b) and that the Secretary was free to set a reasonable fee for the work performed at the administrative level under § 406(a). The court is persuaded by the Commissioner's reasoning. There is no explicit statement in *Horenstein* that would prohibit a district court from considering a fee award under § 406(a) when setting its fee award under § 406 (b). Even if Mr. Davison's interpretation of *Horenstein* is correct, this court is not bound to follow the Sixth Circuit's decision.[3]

In making its decision, this court finds the reasoning in the Fifth Circuit's opinion in *Dawson* and the Fourth Circuit's opinion in *Morris* persuasive. In determining that

---

[3]Mr. Davison also cites statements made by the agency interpreting the Sixth Circuit's decision in *Horenstein*. Reply at 9-11. The court sees no reason why it should defer to the agency's interpretation of that decision.

ORDER-6

there was a twenty-five percent cumulative cap on awards under §§ 406(a) and (b) the courts engaged in an analysis of the legislative history. The *Dawson* court concluded that,

> [t]he statutory language and legislative history of Section 206(b) of the Act clearly indicates that Congress sought, by amending the statute to accomplish two goals. First, to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary. And, second, to insure that the old age benefits for retirees and disability benefits for the disabled, which are usually the claimant's sole means of support, are not diluted by a deduction of an attorney's fee of one-third or one-half of the benefits received.

425 F.2d at 1195. The court held: "We are fully convinced that 42 U.S.C.A. 406 precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." *Id.* at 1195. Similarly, the *Morris* court concluded that:

> We have no reason to believe that the same desire to eliminate "inordinately large fees," which were "frequently one-third to one-half" of a claimant's past-due benefits, that prompted Congress to adopt the 1965 amendment did not also inspire the passage of the parallel 1968 amendment. The obvious intent of Congress was to establish a ceiling for attorney's fees that was independent of the course of the proceedings. To adopt the construction urged by the petitioner in this case would allow an attorney to recover fifty percent of his client's accrued benefits in direct contravention of congressional attempts to foreclose contingent fee arrangements of one-third to one-half.

689 F.2d at 497-98. It held that: "While the district court may not consider services rendered in administrative proceedings in its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406 convinces us that the court must taken into account any fees fixed by the Secretary pursuant to subsection (a)." *Id.* at 497.

ORDER-7

The court finds that there is a cumulative cap of twenty-five percent of past-due benefits on attorney fee awards under §§ 406(a) and (b).[4] The court must take into account any fees fixed by the Secretary pursuant to subsection (a) in making its determination of what fees to award under subsection (b). Here, Mr. Davison recovered $103,585.50 in past-due Social Security benefits. Twenty-five percent of that figure is $25,896.38. Mr. Friedman has already been awarded $5,300 for his work at the administrative level. Subtracting $5,300 from the $25,896.38 figure leaves Mr. Friedman with a potential award of $20,596.38.

### C.   $20,596.38 is a reasonable fee under the Supreme Court's decision in *Gisbrecht*

In *Gisbrecht*, the Supreme Court held that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. The Court instructed that "§ 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield

---

[4] In making this finding, the court is in good company. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080-81 (E.D. Wis. 2007) (taking into account fee awarded under § 406(a) in determining appropriate amount of fee under § 406(b)); *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1245 (M.D. Ala. 2005) (same); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 455-56 (W.D.N.Y. 2005) (same); *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1172-73 (D.N.M. 2005) (same); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 771 (W.D. Va. 2003) (noting that a court must look to the agency award "in order to avoid a double recovery under § 406(a) and §406(b)[.] [T]he court must consider any amount awarded by the agency and ensure that the two combined awards do not exceed 25% of the past-due benefits."); *Mitchell v. Barnhart*, 376 F. Supp. 2d 916, 918 (S.D. Iowa 2005) (taking into account fee awarded under § 406(a) in determining appropriate amount of fee under § 406(b)); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (same); *Whitehead v. Barnhart*, No. 01-0095, 2006 WL 910004, *1 (W.D. Mo. April 7, 2006) (same); *Morris v. Barnhart*, No. 1:04-1027, 2005 WL 3107746, *2 (W.D. Tenn. Nov. 15, 2005) (same); *Pennington v. Barnhart*, No. 1:03CV00142, 2005 WL 2654358, *2 (W.D. Va. Oct. 18, 2005) (same); *Emerson v. Barnhart*, No. 03-2362, 2005 WL 1799217, *1 (D. Kan. July 25, 2005) (same); *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, *3 (E.D. Tx. July 22, 2004) (same); *Bartrom v. Barnhart*, 2003 WL 21919181, *2-3 (N.D. Ind. 2003) (same).

ORDER-8

reasonable results in particular cases." *Id.* at 807.  In making its determination a court should look first to the contingent-fee agreement and then test it for reasonableness. *Id.* at 808.  Appropriate reductions are based on the character of the representation and the results the representative achieved. *Id.*  The Court provided two examples of when a fee may be appropriately reduced:  (1) if an attorney is responsible for delay or (2) if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Here, Mr. Friedman had an agreement with Mr. Davison that provided that he would be entitled, as a fee, to twenty-five percent of the back benefits awarded to Mr. Davison and his dependents.  Also, there is nothing in the record to suggest that Mr. Friedman unreasonably delayed the proceedings.  Finally, when taking into account the risks associated with litigating the case on a contingent-fee basis the benefits are not too large in comparison to the 33.5 hours counsel spent on the case.

The court finds that an award of $20,596.38 in attorney's fees is reasonable.

### D.     EAJA Fees

When fee awards are made under both § 406(b) and EAJA, "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).  Here, this court awarded Mr. Friedman $5,401.88 in attorney's fees pursuant to EAJA.  The court ORDERS Mr. Friedman to refund the $5,401.88 in EAJA fees to Mr. Davison.

### III.  CONCLUSION

The court GRANTS Mr. Davison's motion for attorney's fees (Dkt. # 20) and awards $20,596.38 in attorney's fees to Mr. Friedman.  The court ORDERS Mr. Friedman to refund to Mr. Davison the EAJA fees awarded by this court of $5,401.88.

ORDER-9

1   DATED this 20th day of November, 2007.

```
                                    /s/ James L. Robart
                                    _____
                                    JAMES L. ROBART
                                    United States District Judge
```

ORDER-10